# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

AREKA HELMS,

                Plaintiff,

v.                                                      Case No. 8:24-cv-364-JRK

LELAND C. DUDEK,
Acting Commissioner of Social
Security, [1]

                Defendant.

_____/

## OPINION AND ORDER[2]

## I.  Status

Areka Helms ("Plaintiff") is appealing the Commissioner of the Social

Security Administration's ("SSA('s)") final decision denying her claims for

disability insurance benefits ("DIB") and supplemental security income ("SSI").

Plaintiff's alleged inability to work is the result of "mental impairments"

including "borderline personality disorder," "severe depression," "severe

---

[1]     Leland C. Dudek became the Acting Commissioner of Social Security in February 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Dudek is substituted as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]     The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Order Regarding Consent to Magistrate Judge Jurisdiction in Social Security Appeals (Doc. No. 117), Case No. 3:21-mc-1-TJC (outlining procedures for consent and Defendant's generalized consent to Magistrate Judge jurisdiction in social security appeals cases); consent by Plaintiff indicated in docket language for Complaint (Doc. No. 1).

anxiety," and "bipolar disorder," "herniated discs" requiring "fusion surgery," "sciatica," "degenerate[ive] join[t] disease," and "fibromyalgia." Transcript of Administrative Proceedings (Doc. No. 11; "Tr." or "administrative transcript"), filed April 15, 2024, at 95, 106, 292 (some capitalization omitted).

On March 16, 2023 and July 2, 2021, respectively, Plaintiff protectively filed applications for DIB and SSI, alleging a disability onset date of March 18, 2021. Tr. at 231-37 (SSI application); see Tr. at 17.[3] The SSI application was denied initially, Tr. at 94, 95-104, 124-27, and upon reconsideration, Tr. at 105, 106-14, 138-39.[4]

On March 16, 2023, an Administrative Law Judge ("ALJ") held a hearing related to both applications,[5] during which he heard from Plaintiff, who appeared with a non-attorney representative, and a vocational expert ("VE"). Tr. at 34-75; see Tr. at 118-21 (representative appointment paperwork indicating Plaintiff's representative is not an attorney). On August 18, 2023,

---

[3]        The SSI application was actually completed on July 20, 2021. See Tr. at 231. The protective filing date is listed elsewhere in the administrative transcript as July 2, 2021. Tr. at 95, 106. The DIB application was not located in the administrative transcript.

[4]        Some of these documents are duplicated in the administrative transcript. Citations are to the first time a document appears.

[5]        The hearing was held via telephone, with Plaintiff's consent. Tr. at 36, 182-83, 202-03, 218-19. The ALJ recognized some irregularities in the DIB application status with the office that adjudicates initial and reconsideration decisions, and after Plaintiff's counsel consented to proceeding with a hearing on both claims, the ALJ did so. Tr. at 41-44.

the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 17-28.[6]

Thereafter, Plaintiff requested review of the Decision by the Appeals Council and submitted a brief authored by her representative. Tr. at 4-5 (Appeals Council exhibit list and order), 229-30 (request for review), 377-79 (brief). On December 5, 2023, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, making the ALJ's Decision the final decision of the Commissioner. On February 8, 2024, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1), through counsel, seeking judicial review of the Commissioner's final decision.

Plaintiff on appeal argues the ALJ erred in "failing to properly evaluate her] complaints regarding her left hand impairment." Memorandum in Opposition to the Commissioner's Decision (Doc. No. 17; "Pl.'s Mem."), filed August 14, 2024, at 3 (emphasis and capitalization omitted). On September 13, 2024, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 19; "Def.'s Mem.") addressing Plaintiff's argument. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

---

[6]    The administrative transcript also contains an ALJ decision dated May 18, 2021 that adjudicated an earlier-filed claim for DIB. Tr. at 79-88. That decision is not at issue here.

## II.  The ALJ's Decision

When determining whether an individual is disabled,[7] an ALJ must follow the five-step sequential inquiry set forth in the Regulations, determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 20-27. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since May 19, 2021, the alleged onset date." Tr. at 20. At step two, the ALJ found that Plaintiff "has the following severe impairments: lumbar

---

[7]    "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

degenerative disc disease s/p fusion; cervical spine degenerative disc disease; Bipolar; obesity; [and] polyarthopathy." Tr. at 20 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 20 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform light work as defined in 20 CFR [§§] 404.1567(b) and 416.967(b) except she can stand or walk 4 hours in an 8 hour workday; occasionally climb ladders, ropes or scaffolds; occasionally stoop, kneel, crouch, and crawl; frequently climb ramps or stairs; frequently balance. She must avoid concentrated exposure to hazards. She is limited to frequent interactions with co-workers and supervisors; occasional interaction with the public. She is limited to work that is low stress which is defined as contemplating only infrequent workplace changes where little decision making required and conflict with other is not the primary function of the job.

Tr. at 22 (emphasis and citation omitted).

At step four, the ALJ relied on the VE's hearing testimony and found that Plaintiff "is unable to perform any past relevant work" as "a beautician" and "a consumer service representative." Tr. at 26 (some emphasis and citation omitted). The ALJ then proceeded to the fifth and final step of the sequential inquiry. Tr. at 26-27. After considering Plaintiff's age ("32 years old . . . on the alleged disability onset date"), education ("at least a high school education"),

work experience, and RFC, Tr. at 26 (emphasis omitted), the ALJ relied on the VE's testimony and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," such as "office helper," "routing clerk," and "collator," Tr. at 27 (citations omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from May 19, 2021, through the date of th[e D]ecision." Tr. at 27 (emphasis and citation omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine

whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

Plaintiff contends the ALJ erred in evaluating her statements about her left upper extremity issues and how they affect her. Pl.'s Mem. at 3-6. Responding, Defendant argues the ALJ properly considered Plaintiff's subjective statements and the other evidence in formulating the RFC for light work with additional restrictions. Def.'s Mem. at 5-11.

"[T]o establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." Holt, 921 F.2d at 1223.

The Regulations provide that an ALJ "will" consider the following factors related to symptoms such as pain:

> (i) [The claimant's] daily activities; (ii) The location, duration, frequency, and intensity of [the claimant's] pain or other symptoms; (iii) Precipitating and aggravating factors; (iv) The type, dosage, effectiveness, and side effects of any medication [the claimant] take[s] or ha[s] taken to alleviate [his or her] pain or other symptoms; (v) Treatment, other than medication, [the claimant] receive[s] or ha[s] received for relief of [his or her] pain or other symptoms; (vi) Any measures [the claimant] use[s] or ha[s] used to relieve [his or her] pain or other symptoms . . .; and (vii) Other factors concerning [the claimant's] functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. §§ 404.1529(c)(3)(i)-(vii), 416.929(c)(3)(i)-(vii); see Raper v. Comm'r of Soc. Sec., 89 F.4th 1261, 1277 (11th Cir. 2024). The factors must be considered "in relation to other evidence in the record and whether the claimant's statements conflict with other evidence." Raper, 89 F.4th at 1277 (citation omitted); see 20 C.F.R. § 404.1529(c)(4). To reject the claimant's assertions of subjective symptoms, "explicit and adequate reasons" must be articulated by the ALJ. Wilson, 284 F.3d at 1225; see also Dyer, 395 F.3d at 1210; Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992).

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant

work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1545(a)(5), 416.945(a)(1). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1268 (11th Cir. 2019)); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

Here, Plaintiff testified at the hearing that she was then-currently working from home in a customer service job for about ten to fourteen hours per week. Tr. at 49. Plaintiff was also attending school at the time of the hearing. Tr. at 55. She stated she needed "to get some kind of injections in [her] left hand so [she was] having trouble with her left hand typing." Tr. at 54. She indicated both hands get "numb and tingly." Tr. at 60. She also indicated she had problems reaching overhead and in front of her with both arms. Tr. at 59.

Medical records confirm Plaintiff had issues particularly with her left hand and a diagnosis of polyarthopathy and carpal tunnel syndrome, but varied functioning. Tr. at 1653-58 (April 5, 2023 visit documenting polyarthropathy

with symptoms in bilateral shoulder and elbow, left wrist and left hand but ability to perform activities of daily living (with difficulty putting on shoes), and Plaintiff reporting Lyrica was working well for the pain until that appointment when Plaintiff received an injection in her wrist), 1624-28 (February 28, 2023 visit documenting left wrist pain, loss of dexterity, inability to close fist, limited range of motion, alleged inability to do activities of daily living, and tingling sensation in both arms), 1629-32 (February 10, 2023 visit documenting full strength of both arms and wrists but left positive Tinel test, Phalen test, Durkan test, diagnosing left carpal tunnel syndrome), 1639-43 (February 17, 2023 pain management visit documenting intact range of motion in bilateral upper extremities with normal bulk and tone), 1648-49 (October 24, 2022 pain management visit documenting same), 1650-51 (October 6, 2022 pain management visit documenting same).

The ALJ in the Decision recognized Plaintiff's testimony about how her impairments, including the left hand/wrist issues, affect her. Tr. at 22. The ALJ ultimately found that Plaintiff's "medically determinable impairments could reasonably be expected to cause many of her alleged physical and mental symptoms," Tr. at 23, but that the evidence overall shows Plaintiff's "symptoms [are] not . . . as severe as [Plaintiff] alleges," Tr. at 24. In making this finding and assessing the RFC, the ALJ specifically acknowledged Plaintiff's complaints of pain in both upper extremities; her diagnosed polyarthropathy;

and her prescription for Lyrica. Tr. at 23-24. Despite these issues, the ALJ relied on Plaintiff's "attending school, working part-time as a hairstylist and performing grocery delivery service in June 2022" as well as "handling personal care activities, caring for pets, preparing meals daily, performing household chores, shopping for groceries, driving a car, and riding in a car" as evidence that she is not as limited as she alleges. Tr. at 24-25. The ALJ also relied in part on the opinions of two state-agency physicians, Tr. at 25, who both opined Plaintiff had no upper extremity pushing and pulling limitations (other than occasionally lifting and/or carrying 20 pounds and frequently lifting and/or carrying 10 pounds, which is consistent with the ALJ's RFC assignment of light work). Tr. at 99-101, 110-12. At the end of the day, the ALJ determined that light work with additional restrictions was the appropriate RFC, Tr. at 22, and the ALJ's conclusion is supported by substantial evidence.

## V.  Conclusion

The ALJ's Decision is supported by substantial evidence. In light of the foregoing, it is

**ORDERED**:

1.    The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), and § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2.    The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on March 27, 2025.

JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record

12